USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   9/9/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                              :
RONALD MESSAM,                     :
                  Petitioner,    :
                              :          13 Civ. 5553 (LGS)
          -against-            :
                              :        OPINION AND ORDER
DARWIN LACLAIR, SUPERINTENDENT,    :
Franklin Correctional Facility        :
                     Respondent.  :
--------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      Petitioner Ronald Messam brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for assault in the second degree and criminal mischief in the second degree (the "Petition").  This case was referred to the Honorable James C. Francis IV for a report and recommendation (the "Report").  The Report was filed on May 5, 2014, and recommends that the writ be denied.  Petitioner timely submitted objections to the Report (the "Objections").[1]  For the following reasons, the Report is adopted, and the Petition is denied.

## I.    BACKGROUND

###     A.    Factual Background

      The facts relevant to the Petition are set out in the Report and summarized here.[2]  In late May 2008, Petitioner was arrested on charges of assault that were later dismissed.  On account of his allegedly peculiar conduct, he was admitted to the Bellevue Hospital for a psychiatric evaluation.  Petitioner was discharged from the hospital, but after again exhibiting disturbed behavior while in custody awaiting arraignment, he was readmitted to the hospital.  While at

---

[1] Petitioner also submitted a supplemental letter on July 23, 2014 (Docket No. 40).

[2] Subsequent procedural history is also provided in the Report.

Bellevue, Petitioner became agitated and attacked several of the hospital staff, including Nurse Erlina Acampado, pinning her against the wall and punching her in the face at least five times. Petitioner also threatened to kill some of the nurses who tried to restrain him, and destroyed hospital property by shattering several plexiglass windows with the base of a table he tore apart.

On October 6, 2008, a grand jury in New York County indicted Petitioner on charges of second degree and third degree assault, attempted third degree assault, second degree and fourth degree criminal mischief, and criminal possession of a weapon in the third degree.  Beginning on June 16, 2010, a jury trial took place in the Supreme Court of New York, New York County. The prosecution called a number of witnesses, including Ms. Acampado.  Ms. Acampado testified that Petitioner broke her nose, requiring surgery, and that she was diagnosed with a dislodged jaw approximately one month after the incident.  Medical records, photographs and testimony from other witnesses were consistent with Ms. Acampado's account.  Witnesses also provided testimony concerning the property damage sustained by the hospital.  The defense called only Petitioner as a witness.  Petitioner testified that he had not harmed any person or property intentionally, and denied causing injury, intentional or unintentional, to Ms. Acampado. According to Petitioner, his version of the events was corroborated by hospital security cameras. Petitioner's assertion regarding the security cameras was contradicted by a prosecution witness who claimed that the cameras provided live footage, but no recording.

Defense counsel argued in his summation that there was "no question that people were injured on that afternoon.  And that Mr. Messam was the cause of that.  The issue in this case is whether he is legally responsible for his actions."  The jury convicted Petitioner on all charges except for third-degree possession of a weapon.  Petitioner was sentenced to an aggregate prison term of ten years plus five years of supervised release.

## II.     LEGAL STANDARD

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."  *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b), *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

The court must undertake a de novo review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error.  *Crowell v. Astrue*, No. 08 Civ. 8019, 2011 WL 4863537, at *2 (S.D.N.Y. Oct. 12, 2011) (citation omitted).  Even when exercising de novo review, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections . . . ."  *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006).

Where a state court has reached the merits of a federal claim, habeas relief under §2254 may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §§ 2254(d)(1), (d)(2).  State court factual findings "shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  *Id.* § 2254(e)(1).

3

"A state court's determination that a claim lacks merit" is not unreasonable "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Ramos v. Racette*, 726 F.3d 284, 287-88 (2d Cir. 2013) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)).

## III.   DISCUSSION

The Petition seeks habeas relief on three[3] grounds:  (1) insufficient evidence to support a conviction of second degree assault; (2) insufficient evidence to support a conviction of criminal mischief in the second degree; and (3) ineffective assistance of counsel.  The Report correctly rejects each of these claims.

### A.   Insufficiency of the Evidence – Assault in the Second Degree

The Petition first asserts that the evidence was legally insufficient to support a conviction for second degree assault because no expert evidence or documentation supported Ms. Acampado's claim that she had sustained a jaw injury as a result of Petitioner's conduct.

The Report correctly concludes that there was sufficient evidence for a jury to convict Petitioner of assault in the second degree.  The relevant provision of the New York Penal Law, § 120.05, requires proof that a defendant intentionally caused the victim "serious physical injury."  N.Y. Penal Law § 120.05(1).  New York law defines a "serious physical injury" as a "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ."  *Id.* § 10.00(10).  The Report finds that, even discounting evidence specific to Ms. Acampado's jaw injury, the prosecution established that Ms. Acampado, who sustained among other things a broken nose, suffered generally from the long

---

[3] Petitioner previously asserted that his Sixth Amendment Confrontation Clause rights were violated and that his sentence was excessive, but has expressly renounced both claims.

4

term presence of pain, which was sufficient to establish a "protracted impairment of health"
under New York law.  *See People v. Corbin*, 90 A.D.3d 478, 479, 934 N.Y.S.2d 389, 390 (1st
Dep't 2011).  The Report further observes that the law does not require expert medical
testimony, and a jury could reasonably draw an inference that Ms. Acampado's jaw pain was
caused by Petitioner on the basis of the evidence adduced.

In his Objections, Petitioner restates the argument that the evidence was insufficient to
establish that Ms. Acampado's jaw was dislodged as a result of his actions, specifically pointing
to the lack of reference to jaw injuries in Ms. Acampado's medical records.  Because this
argument is a reiteration of the argument made to Judge Francis and there is no clear error in the
Report, the claim of insufficient evidence for the second degree assault conviction is rejected.

**B.      Insufficiency of the Evidence – Criminal Mischief in the Second Degree**

The Petition next argues that the evidence was legally insufficient to support a conviction
of criminal mischief in the second degree.  According to the Petition, the evidence at trial
indicated that, at most, five windows were broken; because each window had a repair cost of
$275, the threshold damage amount of $1,500 for second-degree criminal mischief was not
satisfied.

The Report correctly rejects this claim, finding that the evidence was sufficient to support
a conviction of criminal mischief in the second degree.  The applicable statute, N.Y. Penal Law
§ 145.10,[4] requires proof that a defendant caused $1,500 or more in damages to another's
property.  The Report observes that the evidence was inconsistent as to whether five or six panes
of glass were replaced by the hospital, but reasons that even if only five panes were damaged, at
a purchase price of $1,375, a rational jury could conclude that an additional expense of $125 was

---

[4] The Report incorrectly cites N.Y. Penal Law § 145.10 as N.Y. Penal Law § 140.10 but
construes the language of N.Y. Penal Law § 145.10.  *See* Report at 13.

incurred in the replacement process, including clean-up.  The Report also finds that the record indicated that a table was broken, and a reasonable jury could have concluded that the replacement cost of the table in addition to the window pane costs satisfied the threshold amount.

In his Objections, Petitioner repeats that the evidence did not conclusively establish that six window panes, and not five, were broken and replaced.  In addition, he objects to the Report's reference to the damaged table, contending that the prosecution adduced evidence of the table only in respect of the charge for criminal possession of a weapon in the third degree, of which he was acquitted.  Even without taking into account the damage to the table, a reasonable jury could infer that the total cost of repairing the damage to the hospital's property exceeded the purchase price of the five window panes and satisfied the threshold amount under N.Y. Penal Law § 145.10.  Accordingly, this argument is likewise rejected.

### C.      Ineffective Assistance of Counsel

Finally, the Petition asserts four grounds, two of which were raised only in Petitioner's reply to the Government's opposition to the Petition, in support of the claim of ineffective assistance of counsel:  (1) failure to conduct an independent investigation to verify Petitioner's assertion that security cameras recorded the incident; (2) a related failure to pursue a line of cross-examination in support of Petitioner's assertion regarding the security cameras; (3) improper pleading of an insanity defense on account of counsel's statement during summation that Petitioner caused injury during the incident but "the issue in this case is whether he is legally responsible for his actions"; and (4) failure to object to certain hearsay statements made by Ms. Acampado.

Even assuming the latter two claims, made in Petitioner's reply, are not procedurally barred, the Report correctly concludes that Petitioner has not satisfied his burden to establish that counsel was constitutionally defective.  The Supreme Court in *Strickland v. Washington*, 466

U.S. 668 (1984), articulated the standard, requiring that a habeas petitioner establish that counsel's representation fell below "an objective standard of reasonableness," and that there is a "reasonable probability" that absent counsel's error, "the result of the proceeding would have been different."  *Id.* at 688, 694.  The Report considers, first, that trial counsel's alleged failure to investigate Petitioner's claims regarding the security cameras and related failure to pursue a line of cross-examination to that end were not objectively unreasonable because the evidence indicated that the security cameras had no recording capabilities.  Second, the Report finds that counsel did not inadvertently plead an insanity defense in summation because he clarified on the record that his statement concerning whether Petitioner was "legally responsible for his actions" was a reference to the unintentional nature of any damage that Petitioner might have caused when attempting to defend himself.  Third, the Report finds that any failure to object on the basis of hearsay statements made by Ms. Acampado was not outcome-determinative, as the record provided ample non-hearsay evidence on the basis of which a reasonable jury could conclude that Petitioner committed assault in the second degree.

Petitioner does not advance new arguments in his Objections.  Because there is no clear error in the Report, the claim for ineffective assistance of counsel is also rejected.

## IV.   CONCLUSION

For the reasons stated above, the Report is adopted and the Petition for a writ of habeas corpus is denied.

The Clerk of Court is directed to close this case.

Dated: September 9, 2014
    New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**